**UNITED STATES, Plaintiff,**

v.

**Isabel MARQUEZ, Defendant.**

**No. 88 CR 86–15.**

United States District Court, N.D. Illinois, E.D.

Feb. 13, 1989.

Anton R. Valukas, U.S. Atty. by Alexander S. Vesselinovitch, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Kathryn Hall, Hall & Kurz, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Rule 4(b) of the Federal Rules of Appellate Procedure generally requires a criminal defendant to file a notice of appeal within 10 days after her sentencing. Upon a showing of excusable neglect, however, a defendant may receive a 30-day extension to file a notice of appeal after the expiration of the initial 10-day period. Fed.R. App.P. 4(b). Defendant Isabel Marquez failed to file her notice of appeal within 10 days after she received her sentence. Nonetheless, Marquez filed a notice of appeal within 30 days after the original 10-day period had expired. Subsequently, Marquez moved for an extension of time to file her notice of appeal. The court found excusable neglect based on the fact that Marquez had retained a new attorney after her sentencing. For this reason, the court granted her motion for an extension of time. The government now contends that this court lacked jurisdiction to grant such an extension. The government notes that Marquez filed her motion for an extension of time more than 40 days after her sentencing. According to the government, Marquez could no longer move for an extension after both the original 10-day period and the 30-day extension period had elapsed. This court disagrees with the government's reading of Rule 4(b). So long as a defendant files a notice of appeal in the period between 10 and 40 days after her sentencing, the defendant may proceed with the appeal upon a showing of excusable neglect—even if she makes this showing after the 40-day period has run. *See United States v. Kaden*, 819 F.2d 813 (7th Cir.1987); *United States v. Andrews*, 790 F.2d 803, 806 (10th Cir.1986), *cert. denied*, 481 U.S. 1018, 107 S.Ct. 1898, 95 L.Ed.2d 505 (1987). Therefore, the court denies the government's motion to vacate its January 25, 1989 order, which extended the time for Marquez to file a notice of appeal.